UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

In re:

DOUGLAS WAYNE WOOD and AMANDA LEE WOOD,

Debtors.

Case No. 09-23129
Chapter 7

ELECTRICAL WORKERS' PENSION TRUST FUND OF LOCAL UNION #58, IBEW, ELECTRICAL WORKERS' JOINT BOARD OF TRUSTEES VACATION FUND, ELECTRICAL WORKERS' INSURANCE FUND, SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND OF THE ELECTRICAL INDUSTRY, DETROIT, MICHIGAN, IBEW LOCAL NO. 58 ANNUITY FUND; JOINT APPRENTICESHIP TRAINING TRUST FUND; NECA-IBEW LOCAL LABOR-MANAGEMENT COOPERATION FUND; and NATIONAL ELECTRICAL BENEFIT FUND (collectively, "Electrical Workers' Fringe Benefit Funds of Local Union No. 58, IBEW" and "Plaintiffs"),

Plaintiffs,

v

DOUGLAS WAYNE WOOD and AMANDA LEE WOOD, jointly and severally,

Defendants.

Adv. Pro. No. 10-_________

**COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §§523(a)(2) AND (4) TO ELECTRICAL WORKERS' FRINGE BENEFIT FUNDS OF LOCAL UNION NO. 58, IBEW AND FOR JUDGMENT**

NOW COME Electrical Workers' Pension Trust Fund of Local Union #58, IBEW, Electrical Workers' Joint Board of Trustees Vacation Fund, Electrical Workers' Insurance Fund,

Supplemental Unemployment Benefit Fund of the Electrical Industry, Detroit, Michigan, IBEW Local No. 58 Annuity Fund; Joint Apprenticeship Training Trust Fund; NECA-IBEW Local Labor-Management Cooperation Fund; and National Electrical Benefit Fund (hereinafter, collectively, "Electrical Workers' Fringe Benefit Funds of Local Union No. 58, IBEW" and "Plaintiffs"), by and through their counsel, Erman, Teicher, Miller, Zucker & Freedman, P.C., and herewith states its Complaint for Determination of Non-Dischargeability of Debt as follows:

## Parties

1. Plaintiffs are voluntary unincorporated trust funds established and administered pursuant to federal law[1], with their principal offices located, among other places, in the County of Macomb, State of Michigan.

2. Defendants, Douglas Wayne Wood and Amanda Lee Wood ("Defendants"), are, upon information and belief, and as of the date of the filing of this adversary complaint, residents and citizens of the State of North Carolina; however, Defendants, prior to being residents of North Carolina, were residents of and citizens of the State of Kansas, and filed with this Court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") on or about September 22, 2009 and, as such, are debtors in Chapter 7 Case No. 09-23129.

[1]Section 302 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §186 and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*

**Common and Jurisdictional Allegations**

3. This Court has jurisdiction over the matters set forth in this adversary proceeding pursuant to 28 U.S.C. §157 and §1334, and Rules 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(I), and arises under the Bankruptcy Code and in Debtor's bankruptcy case.

5. Venue is proper in this court pursuant to 28 U.S.C. §1409.

6. For the period of at least from and after August 1, 2007, Defendants were, upon information and belief, residents of, and citizens of the State of Michigan, and were the owners, operators, and individuals otherwise involved with businesses known as High Line Electric, LLC, a Michigan limited liability company, and/or High Line Electric, Inc., a Michigan corporation ("High Line"), businesses which engaged in the electrical contracting construction industry within the State of Michigan, among potentially other places. In such capacity, Defendants were involved in, and oversaw, the day-to-day affairs and operations of, and were otherwise in control of, High Line.

7. High Line entered into or adopted a certain collective bargaining agreement with the Electrical Workers' Union, which required it to, among other things, pay fringe benefit contributions for and on behalf of its covered employees directly to Plaintiffs.

8. High Line, acting through, and at the direction of, Defendants, failed to pay the required fringe benefit contributions as accrued by its individual employees for work performed within the State of Michigan and, as such, Plaintiffs are owed the sum of at least $78,024.54 (exclusive of liquidated damages, interest, costs or attorney fees) for outstanding fringe benefit contributions accrued by employees of High Line during the time period of at least August 2007

through November 2007, and representing the delinquent fringe benefit contributions due and owing to Plaintiffs for the individual electrical workers employed by High Line within the State of Michigan pursuant to the aforesaid collective bargaining agreement, plus any and all additional interest, costs and attorney fees.[2]

9. Upon information and belief, High Line ceased business operations in approximately December 2007.

**COUNT I**

**Violation of the Michigan Building Contract Fund Act, Mich. Comp. Laws Ann. 570.151 *et seq.***

10. Plaintiffs incorporate each and every allegation contained in Paragraphs 1 through 9 hereof as though fully set forth herein.

11. During the period August 2007 through November 2007, Defendant engaged in the business of electrical contracting and conducted business in the building construction industry within the State of Michigan and within the meaning of the Michigan Building Contract Fund Act, Mich. Comp. Laws Ann. §570.151 *et seq.* (1999) (hereinafter the "Trust Fund Act").

12. Upon information and belief, prior to the commencement of the instant bankruptcy proceeding, Defendants, in connection with the operation of High Line, received payments from various owners or contractors for all or part of the labor which remains the subject of the fringe benefit contributions which remain unpaid to Plaintiffs.

[2] Plaintiffs obtained judgment against High Line Electric, LLC, High Line Electric, Inc., Clinton Electric, Inc., Douglas Wood and Amanda Wood, on February 13, 2009 in connection with the matter of *Electrical Workers' Pension Trust Fund of Local Union #58, IBEW, et al v High Line Electric, LLC, et al*, U.S. District Court (E.D. Michigan) case no. 08-11193. Within that litigation, Defendants were adjudicated alter egos of each other, bound to pay fringe benefit contributions on behalf of the covered employees of High Line and liable for such indebtedness.

13. Pursuant to the Trust Fund Act, any such payments received by the Defendants were deemed to be held in trust by them, as trustees, for the benefit of, among others, individual electrical workers who furnished labor to, and on behalf of, High Line.

14. Upon information and belief, the funds that were held in trust by the Defendants, in their capacity under the Trust Fund Act, included the contributions that the Defendants were required to make to the Plaintiffs for the period of August 2007 through November 2007.

15. Upon information and belief, in violation of the Michigan Building Contract Fund Act, Defendants retained, used or appropriated said payments received for purposes other than to pay the fringe benefit contributions accrued by the individual electrical workers.

16. Upon information and belief, Defendants appropriated monies paid to High Line for general business operations, office overhead, vehicle expenses and/or for their own personal use before payment of all monies due, or to become due to Plaintiffs in violation of Mich. Comp. Laws Ann. 570.151, *et seq.*, and specifically 570.153, and as such, constitute obtaining money under false pretenses in violation of 11 U.S.C. §523(a)(2), fraud or defalcation while acting in a fiduciary capacity in violation of 11 U.S.C. §523(a)(4). As such, Defendants' debt to Plaintiffs for unpaid contributions, plus any and all subsequent attorney fees, expenses, costs, interest and other applicable charges incurred as a result of the failure of Defendants to pay such contributions, should be determined non-dischargeable pursuant to U.S.C. §523(a)(2) and (4) of the Bankruptcy Code.

WHEREFORE, Plaintiffs pray that this Honorable Court enter its judgment of non-dischargeability and judgment against Defendants, Douglas Wayne Wood and Amanda Lee Wood, individual debtors herein, jointly and severally, in the amount of at least $$78,024.54 (exclusive of liquidated damages, interest, costs or attorney fees), together with any and all

additional accrued interest, costs and attorney fees, and any and all further relief as this court deems appropriate under the circumstances.

## COUNT II

### Obtaining Money Under False Pretenses Pursuant to 11 U.S.C. §523(a)(2)-Misappropriation of Withheld Vacation Benefits

17. Plaintiffs incorporate each and every allegation contained in Paragraphs 1 through 16 hereof as though fully set forth herein.

18. In connection with the conduct of High Line, Defendants employed various individuals for whom they became responsible for the payment of fringe benefit contributions in the nature of pension contributions, insurance, vacation pay and other contributions to Plaintiffs.

19. Defendants reflected the amount to be paid to said employees for vacation pay in the gross paychecks of said employees, and withheld federal income tax from said paychecks, and became obligated to withhold and fund said federal income taxes and vacation pay. However, Defendants did not turn over all, or part, of said vacation pay in the amount of at least $8,467.13 for unpaid vacation pay accrued by Defendant's employees during August 2007 through November 2007 to Plaintiffs and, upon information and belief, misappropriated the same for other uses.

20. Defendants' actions in deducting said federal withholding tax from employees' gross wages, including the vacation pay portion, and the failure to turn over (i.e., "fund" said vacation pay) to Plaintiffs constitutes obtaining money under false pretenses in violation of 11 U.S.C. §523(a)(2).

21. As a result of Defendants' actions in deducting vacation pay from employees' wages and Defendants' failure to turn over such vacation pay so deducted to Plaintiffs, such

vacation pay in the amount of at least $8,467.13, plus any and all subsequent attorney fees, expenses, costs, interest, and other applicable charges incurred as a result of Defendant's failure to turn over such vacation pay, should be declared nondischargeable pursuant to 11 U.S.C. §523(a)(2) of the Bankruptcy Code.

WHEREFORE, Plaintiffs pray that this Honorable Court enter its judgment of non-dischargeability and judgment against Defendants, Douglas Wayne Wood and Amanda Lee Wood, individual debtors herein, jointly and severally, in the amount of at least $8,467.13 for unpaid vacation benefits accrued by Defendants' employees during August 2007 through November 2007, together with accrued interest, costs and attorney fees, and any and all further relief as this court deems appropriate under the circumstances.

Respectfully submitted,

ARNOLD, NEWBOLD, WINTER &
JACKSON, P.C.

/s/ Paul E. Torlina
PAUL E. TORLINA, KS Bar No. 21464
Local Counsel for Electrical Workers' Fringe
Benefit Funds of Local Union No. 58, IBEW
1125 Grand Boulevard, Ste. 1600
Kansas City, MO 64106-2503
(816) 421-5788
petorlina@anwjj.com

ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.
CRAIG E. ZUCKER
Counsel for Electrical Workers' Fringe Benefit
Funds of Local Union No. 58, IBEW
400 Galleria Officentre, Suite 444
Southfield, MI 48034
(248) 827-4100
czucker@ermanteicher.com

DATED: February 1, 2010

F:\FUNDS\high line electric\adv clt.doc